IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GEORGE JUNIOR DAVIDSON                                                                PLAINTIFF

v.                                      Civil No. 1:23-cv-01019

CHIEF OF POLICE JOHNNY OLIVER                                                         DEFENDANT

**ORDER**

Plaintiff George Junior Davidson originally filed this 42 U.S.C. § 1983 action on March 9, 2023, proceeding *pro se*. ECF No. 1. The Court provisionally filed Plaintiff's Complaint and ordered him to submit a completed *in forma pauperis* (IFP) application. ECF No. 2. Currently before the Court is Plaintiff's failure to comply with orders of the Court.

Plaintiff's completed IFP application was due on March 30, 2022. ECF No. 2. The Order was not returned as undeliverable, and Plaintiff failed to respond. On March 31, 2023, the Court entered an Order to Show Cause directing Plaintiff to show cause as to why he failed to submit the completed IFP application as ordered. ECF No. 4. The Order to Show Cause was not returned as undeliverable, and to date, Plaintiff has not responded.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal

Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 22nd day of May, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge